# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

NELSON RAFAEL ZAPATA-VICENTE,

*Defendant-Appellant.*

No. 02-4281

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-01-61)

Submitted: August 20, 2002

Decided: September 3, 2002

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Douglas A. Ramseur, BOWEN, BRYANT, CHAMPLIN & CARR, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Robert E. Trono, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Nelson Zapata-Vicente appeals his convictions and sentence for conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a), 846 (2000), and distribution of cocaine in violation of 21 U.S.C. § 841(b)(1) (2000). Finding no reversible error, we affirm.

On appeal, Zapata-Vicente first contends that the district court abused its discretion in admitting evidence that he owned a handgun. He claims that the evidence had no relevance to the drug trafficking charges and that its admission prejudiced him by making him appear more dangerous to the jury. We have held that evidence of gun possession is relevant evidence in a drug conspiracy trial, even if there is no specific evidence linking the weapon to the conspiracy. *United States v. Ward*, 171 F.3d 188, 195 (4th Cir. 1999). In addition, we have noted that "guns are tools of the drug trade and are commonly recognized articles of narcotics paraphernalia." *Id.* (citing *United States v. Ricks*, 882 F.2d 885 (4th Cir. 1989)). Our review of the record in this case reveals that the district court did not abuse its discretion in finding that the probative value of evidence regarding the handgun outweighed any undue prejudice to Zapata-Vicente. *Ward*, 171 F.3d at 195 (stating standard of review). Accordingly, we find this claim to be without merit.

Zapata-Vincente next contends that the evidence was insufficient as a matter of law to convict him of conspiracy. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). We have reviewed the record and find that the testimony of the Government's witnesses, viewed in the light most favorable to the Government, was sufficient to sustain Zapata-Vicente's convictions. Although Zapata-Vincente attacks the credibility of these witnesses on appeal, we note that credibility determinations are within the sole province of the jury and thus are not susceptible to judicial review. *See United States v. Lowe*, 65 F.3d 1137, 1142 (4th Cir. 1995).

Accordingly, we affirm Zapata-Vincente's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*